**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JULIE A. GRIGGS,

        Plaintiff,

Docket No. 1:22-cv-908

v

FREDDY J. GILDERSLEEVE and
TOM OTTERY TRANSIT, INC.,

        Defendants.
_____/

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, Julie A. Griggs, by and through her attorneys, KONING & JILEK, P.C., and for her Complaint against the Defendants, states as follows:

**NATURE OF ACTION AND JURISDICTION**

1. This is a Michigan third party automobile negligence claim arising out of an October 31, 2019 automobile collision.

2. This Court has subject jurisdiction of Plaintiff's claims pursuant to 29 U.S.C. §1332 (diversity).

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(a).

4. The amount in controversy and the damages do exceed $75,000, exclusive of fees and costs.

**THE PARTIES**

5. Plaintiff is a United Stated citizen and domiciled in the State of Michigan; her residence is currently located in the City of Battle Creek, County of Calhoun, State of Illinois.

6. By information and belief, Defendant Freddy J. Gildersleeve is a United States citizen and domiciled in the State of Wisconsin; by information and belief, his residence is located in the Town of Jackson, County of Washington, State of Wisconsin.

7. By information and belief, Defendant Tom Ottery Transit, Inc. is a domestic business corporation, originating in Wisconsin, with a Wisconsin resident agent of Joseph Schoebel, N5677 County Road UU, Fond du Lac, Wisconsin 54937, and, at all relevant times, was conducting business in the Township of Emmett, Calhoun County, Michigan.

## COUNT I

8. Plaintiff incorporates by reference and realleges each paragraph, 1 through 7, as though fully set forth herein.

9. On or about October 31, 2019, at or about 8:49 p.m., Plaintiff was operating a 2004 Chevrolet Venture, Registration No. 9601K7, facing westbound on East Columbia Avenue at its intersection with Main Street, preparing to turn left, in Emmett Township, Calhoun County, Michigan.

10. At the same time and place, Defendant Freddy J. Gildersleeve was operating a 2016 Mack Truck, Registration No. 97036X, which was owned by Defendant Tom Ottery Transit, Inc., when he negligently turned left from a through lane, hitting Plaintiff's vehicle.

11. At the same time and place, by information and belief, Defendant Freddy J. Gildersleeve was driving the 2016 Mack Truck, Registration No. 97036X, within the course of his employment with Defendant Tom Ottery Transit, Inc.

12. At the same time and place, Defendant Gildersleeve owed the Plaintiff and the public the duty to obey and drive in conformity with the duties embodied in the common law and the Motor

Vehicle Code of the State of Michigan, as amended, and the ordinances of Emmett Township, Calhoun County, Michigan.

13. Defendant Gildersleeve did then and there display ordinary, gross, willful and wanton negligence and misconduct by negligently turned left from a through lane, causing the collision.

14. At the same time and place, Defendant Gildersleeve was guilty of ordinary, gross, willful and wanton negligence and misconduct as follows:

   a. in failing to keep a reasonable lookout for other persons and vehicles using the highway;

   b. in failing to drive with due care and caution;

   c. in failing to take all possible precautions to avoid any collision with other motor vehicles;

   d. in failing to make or renew observations of the conditions of traffic;

   e. in failing to yield the right of way; and

   f. in failing to operate the vehicle safely under the conditions then and there existing.

15. Defendant Gildersleeve was further negligent in failing to obey and drive in conformity with the common law and Motor Vehicle Code of the State of Michigan, as amended, and the ordinances of Emmett Township, Calhoun County, Michigan.

16. Among those statutes Defendant Gildersleeve violated include, but are not limited to the following: M.C.L. §257.677 (view or control of driver); M.C.L. §257.626 (reckless driving); M.C.L. §257.626(b) (careless or negligent driving); M.C.L. 257.627 (assured clear distance); M.C.L. 257.668 (failure to yield) and others.

17. As a proximate cause of Defendant Gildersleeve's negligence, Plaintiff was seriously injured and suffered a serious impairment of body function and/or permanent serious disfigurement as follows: muscle strain, osteoarthritis of cervical spine with myelopathy, cervical stenosis of spinal canal, C5-6 foraminal stenosis, radiculopathy, whiplash, Brachial Plexus Syndrome, and other injuries to other parts of her body, externally and internally, and some or all of which interfere with her enjoyment of life and caused Plaintiff great pain and suffering.

18. As a proximate result of her injuries, Plaintiff suffered traumatic shock and injury to the nervous system, causing severe mental and emotional anguish, which interferes with her enjoyment of life, and more generally became sick and disabled, and some or all of her injuries, may be permanent in nature.

19. Should it be determined at the time of trial that Plaintiff was suffering from any pre-existing conditions, at the time of the crash, the negligence of Defendants precipitated, exacerbated and aggravated any such pre-existing conditions.

20. Plaintiff claims all non-economic damages for the serious impairment of body function and/or permanent serious disfigurement as more clearly set out in the injuries listed above.

WHEREFORE, Plaintiff asks for a judgment for whatever amount she is found to be entitled, plus court costs, attorney fees, and interest from the date of filing this Complaint.

## COUNT II

21. Plaintiff incorporates by reference and realleges each paragraph, 1 through 20, as though fully set forth herein.

22. Plaintiff claims damages for allowable expenses and work loss in excess of the daily, monthly, and three (3) year limitations plus all other economic damages allowable under the Michigan No-Fault Law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in her favor and against Defendants in an amount in excess of $75,000, plus costs, interest, and attorney fees.

## COUNT III

23. Plaintiff incorporates by reference and realleges each paragraph, 1 through 22, as though fully set forth herein.

24. Defendant Tom Ottery Transit, Inc. is responsible for the actions/inactions/negligence of Defendant Gildersleeve under the theory of respondeat superior.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in her favor and against Defendants in an amount in excess of $75,000, plus costs, interest, and attorney fees.

## COUNT IV

25. Plaintiff incorporates by reference and realleges each paragraph, 1 through 24, as though fully set forth herein.

26. At all relevant times, Defendant Tom Ottery Transit, Inc. allowed the truck it owned to be driven, operated, and controlled by Defendant Gildersleeve.

27. Defendant Tom Ottery Transit, Inc. is liable for Defendant Gildersleeve's negligent entrustment and, additionally, has civil liability to Plaintiff under MCL 257.401 for the negligent operation of the vehicle it owned which was negligently operated by Defendant Gildersleeve.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in her favor and against Defendants in an amount in excess of $75,000, plus costs, interest, and attorney fees.

## **COUNT V**

28. Plaintiff incorporates by reference and realleges each paragraph, 1 through 27, as though fully set forth herein.

29. At all relevant times, Defendant Tom Ottery Transit, Inc. knowingly allowed its employee, Defendant Gildersleeve, to drive a truck when it knew or should have known he would not be able to control the truck in a safe manner in accordance with the laws of the State of Michigan and other laws in direct disregard for the safety of Plaintiff and the public.

30. In addition, Defendant Tom Ottery Transit, Inc. was negligent in its vetting, hiring, training, entrustment and retention of Defendant Gildersleeve.

31. At all relevant times herein, including on or about October 31, 2019, Defendant Tom Ottery Transit, Inc., by and through its employees, agents, and/or servants, had a duty to exercise reasonable care in the vetting, hiring, training, entrustment and retention of Defendant Gildersleeve and they failed to do so.

32. Defendant Tom Ottery Transit, Inc.'s own independent actions or inactions amount to negligence and/or gross negligence.

33. As a result of Defendant Tom Ottery Transit, Inc.'s own negligence or gross negligence, including its negligent vetting, hiring, training, entrustment and retention, the truck being driven by Defendant Gildersleeve collided with Plaintiff's vehicle and she suffered the injuries outlined in this Complaint.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in her favor and against Defendants in an amount in excess of $75,000, plus costs, interest, and attorney fees.

Respectfully submitted,

KONING & JILEK, P.C.

Dated: October 3, 2022

/s/ Jonathan N. Jilek
Jonathan N. Jilek (P65299)
Attorney for Plaintiff
Koning & Jilek, P.C.
8080 Moorsbridge Road, Suite 103
Portage, MI 49024
(269) 343-1500
jjilek@koningjilek.com

## JURY DEMAND

Plaintiff, Julie A. Griggs, through her counsel, hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Respectfully submitted,

KONING & JILEK, P.C.

Dated: October 3, 2022

/s/ Jonathan N. Jilek
Jonathan N. Jilek (P65299)
Attorney for Plaintiff
Koning & Jilek, P.C.
8080 Moorsbridge Road, Suite 103
Portage, MI 49024
(269) 343-1500
jjilek@koningjilek.com